CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 20 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES ANTHONY CHERUK, | |
| Plaintiff, | Case No. 7:09CV00257 |
| v. | MEMORANDUM OPINION |
| SOUTHWEST REGIONAL JAIL AUTHORITY "MEDICAL," ET AL. | By: Glen E. Conrad |
| Defendants. | United States District Judge |

Plaintiff James Anthony Cheruk, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, as amended, Cheruk complains that the defendant jail officials failed to provide him with adequate and timely treatment for his dental problems, in violation of his constitutional rights. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Cheruk alleges the following sequence of events on which his claims are based.[1] Cheruk arrived at the Southwest Regional Jail Authority facility ("the jail") on or about June 24, 2008. Cheruk does not say when he first started complaining of pain in one of his upper molars. He asked to see the dentist, and his requests were granted. At the first visit, the dentist X-rayed the tooth and prescribed pain medication. At subsequent visits, the dentist continued to provide pain medication. The dentist also advised Cheruk at one point to stuff paper into the big hole beside the affected tooth to protect the nerve. After Cheruk followed this advice, the area around the tooth swelled and caused him greater pain.

---

[1] Cheruk's initial complaint gave only a cursory statement of his claims, with no facts in support. The court directed him to amend to correct this deficiency. His first response added defendants and some facts, but still did not give a chronological account of his course of dental treatment while at the jail. The court granted him one more opportunity to amend, which he did. The allegations recited here are a compilation of factual statements included in plaintiff's submissions as a whole.

In October 2008, the jail dentist diagnosed Cheruk as needing oral surgery on a right upper molar, as he believed that the roots of the tooth were growing into the inmate's sinus cavity. The dentist prescribed pain medication. Cheruk filed grievances, asking jail officials to make arrangements for a specialist to perform the oral surgery. Officials told him that he would have to agree to pay for the surgery, although they knew that he had no resources with which to do so. Whenever he asked for pain medication, the medical staff provided it, however. On only one occasion, when his pain was at its worst, he asked Nurse Eskeridge for a pack of plain Tylenol, but did not receive the medication.

Around the time Cheruk was sentenced on his criminal charges in January 2009, jail officials made an appointment for him to see an oral surgeon. In February 2009, Cheruk was examined by the oral surgeon, who informed him that the roots of his tooth were not growing into his sinus cavity and he did not require surgery. The surgeon then performed a simple tooth extraction.

Cheruk also complains about another dental problem that has developed since he first filed this lawsuit. His right lower wisdom tooth is impacted and pushing against other teeth, which is causing "severe acute pain, and for [his] jaw to pop [sic], and start to lock, loss of appetite, and loss of sleep, and aggravating [his] anxiety disorder, and PTSD." On June 19, 2009, the dentist prescribed pain medication and referred Cheruk to see the oral surgeon. On July 20, 2009, the nurse provided him with stronger pain medication. When Cheruk saw the doctor for the pain, the doctor said that he was recommending that the inmate be transferred as soon as possible to a state prison facility where he could have the tooth extracted without being charged as much for the procedure. If Cheruk had the money to pay for the surgery himself up front, jail officials would apparently allow him to make arrangements to have the procedure sooner. Although the doctor did not give him anything for pain, when Cheruk asked the nurse the next day for pain relief, he received some medication. Cheruk believes the doctor's actions were "unprofessional."

As relief in this action, Cheruk seeks to be moved to a facility where his dental needs can be addressed and to have his $600 debt for dental treatment removed from his inmate trust account. After the court advised him to amend to name defendants other than the jail, Cheruk stated that he wished to sue the dentist, whose name he does not know; Rick Niece, the head of the medical unit; Captain Lockhart; and Lt. Patrick.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). To state an actionable claim, the factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Cheruk's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

### A. No Claim Against the Jail

As a preliminary matter, plaintiff cannot maintain his action against the jail or its medical unit, since such entities are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Therefore, all claims against these entities will be dismissed, pursuant to § 1915A(b)(1).

## B. Dental Care Claims

Prisoners, whether awaiting trial or already convicted and sentenced, are constitutionally entitled to necessary medical treatment of known, serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976) (convicted inmates' right under Eighth Amendment); Hill v. Nicodemus, 979 F.2d 987 (4th Cir. 1992) (pretrial detainee's right to be free from any form of punishment under Fourteenth Amendment Due Process Clause requires jail officials not to be deliberately indifferent to detainee's serious medical needs). Although pretrial detainees' right to medical treatment arises under the Fourteenth Amendment, courts have consistently defined that right by reference to the Eighth Amendment standard as set forth in Estelle v. Gamble. See, e.g., Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990).

To prove that his course of medical treatment amounted to a constitutional violation, a detainee must show that jail officials to whose care he was committed exhibited "deliberate indifference to [his] serious medical needs." Estelle, 429 U.S. at 104. First, plaintiff must demonstrate, objectively, that his need for treatment was serious. "[A] serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The mere fact that a prisoner may believe he had a more serious injury or that he required better or faster treatment does not establish a constitutional violation. See, e.g., Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Second, plaintiff must demonstrate that each of the defendants was subjectively aware of the plaintiff's need and its seriousness. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence did not show that doctors knew inmate had pituitary gland tumor, misdiagnosis and treatment for other conditions did not violate Eighth Amendment although inmate ultimately went blind). The inmate must show that the official was aware of objective evidence, from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and then failed to respond

reasonably to the risk. Farmer, 511 U.S. at 847. Officials show deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to necessary medical care to his detriment. Estelle, 429 U.S. at 104. Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id.

Applying these legal principles to the complaint at hand, the court concludes that Cheruk's allegations fail to give rise to any Eighth Amendment claims.

### 1. Molar Problem

The first of Cheruk's dental problems, which arose sometime in the fall of 2008, involved a painful upper molar. On the advice of the dentist, Cheruk was scheduled for oral surgery, because the dentist believed the tooth's roots were involved. He complains that defendants delayed setting this appointment and gave him bad advice about stuffing paper near the tooth's nerve, causing him to suffer additional pain. Ultimately, another dental professional determined that the problem could be solved with a simple extraction.

According to the second dentist, Cheruk did not have a serious medical need for oral surgery, contrary to his assertions in the initial complaint. Thus, any claims concerning delay of the surgery must be dismissed on that ground. Even assuming that the tooth presented a serious medical need for some form of treatment, Cheruk's allegations state no claim of deliberate indifference. The dentist's allegedly ineffective treatment recommendations and misdiagnosis of Cheruk's dental condition as one requiring surgery present, at most, possible state law claims of negligent diagnosis and treatment, which are not actionable under § 1983.[2] Cheruk does not allege any facts suggesting that the dentist, in fact, knew that stuffing paper near the nerve would

---

[2] To the extent that any of Cheruk's allegations give rise to state possible claims under state law, the court declines to exercise supplemental jurisdiction over them, pursuant to 28 U.S.C. § 1367(c) and will dismiss them without prejudice.

not lessen the pain or that no surgery was necessary. Moreover, Cheruk admits that the dentist and other officials responded to his complaints about needing to see a dentist and needing pain medication.³ Thus, Cheruk does not allege facts indicating that any of the medical defendants was deliberately indifferent to his condition or his pain related to his affected molar.

### 2. Impacted Wisdom Tooth

Cheruk's second dental problem is an impacted wisdom tooth for which the dentist has recommended oral surgery. A recommendation for surgery does not equate with a finding that Cheruk has a serious medical need for immediate surgery. Moreover, Cheruk's allegations indicate that he could receive this surgery fairly soon, but would have to agree to be charged part or all of the cost for the oral surgeon's procedure. Apparently, he has not agreed to this arrangement. The jail dentist responded reasonably to the situation by recommending that Cheruk be transferred to a state facility as soon as possible, where he would not be held financially responsible for as much of the cost of the surgery. Moreover, Cheruk has received pain medication for his symptoms in the meantime. The court finds no serious medical need to which the medical staff has acted with deliberate indifference here.

### 3. No Problem with Medical Charges

Cheruk also states no constitutional claim regarding the amount of money charged against his inmate account for the dental treatment provided to him at the jail. As long as officials do not deny treatment of serious medical needs based on an inmate's inability to pay for the costs of treatment, the Constitution does not prevent them from charging some or all of the expense for the treatment to the inmate's trust account for future payment. See, e.g., Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 408 (9th Cir. 1985); Reynolds v. Wagner, 936 F. Supp. 1216, 1223 (E.D. Pa. 1996) ("although the government must provide medical care,

---

³ As stated, Cheruk alleges that Nurse Eskeridge "denied [him] even a pack of regular Tylenol . . . at [his] worst phase of pain." However, he has not identified Nurse Eskeridge as a defendant, nor does he allege that he filed grievances concerning her failure to provide him with medication on that one occasion. Thus, the court does not consider this claim as properly before the court. In any event, the court cannot find that denial of one dose of Tylenol violated Cheruk's Eighth Amendment rights.

- 6 -

Case 7:09-cv-00257-GEC-mfu Document 11 Filed 08/20/09 Page 6 of 8 Pageid#: 35

the Supreme Court has never held the government must pay for it"); Bihms v. Klevenhagen, 928 F. Supp. 717, 718 (S.D. Tex. 1996) ("If the inmate can pay for his medical care, then the state may require reimbursement."). The allocation of the cost of the medical care is a matter of state law. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983).

### 4. No Claim Against Security Staff

Cheruk also has no constitutional claim against the security officers at the jail regarding his course of dental treatment. They were clearly entitled to rely on the dentist's determination that there was no need for immediate surgery regarding either of Cheruk's dental conditions. See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) (finding that non-medical officers may rightly rely on determination by medical staff as to proper course of treatment); see also Smith v. Barry, 985 F.2d 180, 184 (4th Cir. 1993) (affirming directed verdict for prison guards not in position to "act meaningfully" with regard to inmate's medical needs). Based on the foregoing, the court finds that all of Cheruk's claims concerning his dental treatment at the jail must be dismissed, pursuant to § 1915A(b)(1), for failure to state a claim.

### C. Other Medical Problems

In his second amendment, Cheruk mentions other medical problems that he has had at the jail. He says that he has been diagnosed with hepatitis C, but cannot receive treatment at the jail. As he does not allege any specific symptom of this disease for which he requires immediate treatment or what requests he has made for treatment of the disease itself, however, the court cannot find that he has stated any claim of deliberate indifference by the defendants named in this action. Iko, 535 F.3d at 241. He also complains that when he suffered with kidney stones, the medical staff diagnosed his condition as a UTI and failed to provide him with any treatment for the kidney stones. Even assuming that the medical staff negligently failed to diagnose his condition correctly, such negligence is not actionable under § 1983. Estelle, 429 U.S. at 105-06.

## Conclusion

For the stated reasons, the court concludes that this civil action states no actionable constitutional claim[4] and must be dismissed in its entirety without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) as to all claims under 42 U.S.C. § 1983 and pursuant to 28 U.S.C. § 1367(c) as to any claims under state law. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of August, 2009.

_____
United States District Judge

---

[4] In his second amendment, Cheruk also mentions that he has written four requests to a jail counselor who handles library materials, asking for a book on constitutional rights, but he has not received one. He does not state that he wishes to bring a claim concerning her actions or that he has exhausted administrative remedies as to this problem. Therefore, the court does not consider this complaint as a claim properly before the court in this action.